# INDEX TO EXHIBITS

UNITED STATES V. JESUS QUINTANA-GRIJALVA
07CR0285-MLH

EXHIBIT A - Ninth Circuit Unpublished Memorandum in the Case of United States V. Juan Alfredo Perez, Case No. 07-10207 ................ 1-5

# EXHIBIT A

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 01 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff - Appellee,<br>v.<br>JUAN ALFREDO PEREZ,<br>Defendant - Appellant. | No. 07-10207<br>D.C. No. CR-06-00966-JAT<br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted February 11, 2008
San Francisco, California

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

Juan Alfredo Perez challenges his conviction and sentence for the transportation of illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(iii). We reverse because the district court erred by admitting prejudicial expert testimony on alien smuggling organizations, and the error was not harmless.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

See United States v. Pineda-Torres, 287 F.3d 860, 864-65 (9th Cir. 2002); United States v. Vallejo, 237 F.3d 1008, 1012 (9th Cir. 2001), amended by 246 F.3d 1150 (9th Cir. 2001).

We review a district court's evidentiary rulings for abuse of discretion and review de novo alleged violations of the Confrontation Clause. United States v. Cruz-Escoto, 476 F.3d 1081, 1085 (9th Cir. 2007); United States v. Orellena-Blanco, 294 F.3d 1143, 1148 (9th Cir. 2002). Perez challenges the admission of a material witness deposition transcript, which, because of a videotape malfunction, was read into evidence, and not shown to the jury on a videotape. The admission of the transcript did not violate the Confrontation Clause. The parties waived the actual presence of the material witness, who was unavailable at the time of trial, and Perez had the opportunity to, and did, cross-examine the witness. See FED. R. EVID. 804(b)(1). Perez does not point to any error in the transcript, nor any prejudice that resulted from reading the transcript into evidence. The district court did not abuse its discretion in admitting the transcript.

The district court also admitted expert testimony relating to the organization of alien smuggling operations. The only portions of the agent's testimony that were relevant to the charges against Perez concerned the characteristics of the border area in which Perez picked up his passengers. See FED. R. EVID. 401.

However, it was error to permit the government to introduce expert testimony relating to alien smuggling organizations because there was no evidence of any connection between Perez and an alien smuggling organization. Pineda-Torres, 287 F.3d at 864-65; Vallejo, 237 F.3d at 1017. Testimony about the "blueprint" structure of alien smuggling organizations, and the roles played by different persons within those organizations, "attributes knowledge to the defendant by attempting to connect him to an international [] conspiracy and thus implies that the defendant participated in a large-scale operation[,]" when the record reflects that Perez was, by all accounts, a one-man show. Pineda-Torres, 287 F.3d at 865 (internal quotation marks omitted). This "method of imputing knowledge lacks any probative value and is impermissible." Id.

The district court's error was not harmless. "Where we discover an error not of constitutional magnitude, we must reverse unless there is a fair assurance of harmlessness or, stated otherwise, it is more probable than not that the error did not materially affect the verdict." United States v. Mejia-Pimental, 477 F.3d 1100, 1109 (9th Cir. 2007) (quoting United States v. Gonzales-Flores, 418 F.3d 1093, 1099 (9th Cir. 2005)). The record does not provide a fair assurance of harmlessness. To be sure, Perez's flight from Border Patrol agents is circumstantial evidence indicating guilt. However, the material witness's

testimony points to the opposite conclusion. He testified, without contradiction, that he paid a man in Mexico to help him enter the United States. After crossing the border, the guide left him and his fellow travelers in the desert in the middle of the night, with no food and only the direction to continue "straight" until they came to a road. The group traveled for two and a half days after the guide abandoned them, and then flagged down the driver of a passing truck. The driver, Perez, did not slow down before he was flagged down, and agreed to give the group a ride after they told him that they were very cold and hungry. In the absence of other evidence, the material witness's testimony suggests that Perez was simply rendering humanitarian aid.

The flight evidence fails to negate the direct evidence supplied by the material witness that strongly supports a non-incriminating interpretation of the facts. The agent's testimony on alien smuggling organizations "connected seemingly innocent conduct to a vast [ ] empire," by suggesting that Perez was part of such an organization and was playing a specific role within it in picking up and transporting the group of travelers. Vallejo, 237 F.3d at 1017. As the government was required to prove beyond a reasonable doubt that Perez knowingly transported the aliens to help them remain in the United States illegally, we cannot say that it is "more probable than not" that the admission of this testimony "did not materially

affect the verdict," and reverse the conviction on that basis. Mejia-Pimental, 477 F.3d at 1109. In view of this conclusion, we need not address the Rule 29 issue.

**REVERSED**.