# EXHIBIT A

FILED
SEP 30 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES,

Plaintiff,

vs.

JESUS HERALDEZ-MARTINEZ,

Defendant.

CASE NO. 04cr2229 BTM

**ORDER GRANTING REQUEST TO RECONSIDER MOTION TO SEAL OR RETURN DOCUMENTS IN COURT FILE AND ORDERING THAT DOCUMENT NOS. 45, 46, AND 47 BE SEALED AND REMOVED FROM THE PUBLIC DOCKET**

Defendant Jesus Heraldez-Martinez requests that the Court reconsider his motion to seal or return the ex parte motion filed nunc pro tunc on June 22, 2005 (Docket No. 46.) For the reasons discussed below, Defendant's motion is **GRANTED,** and the Court orders that Document Nos. 45, 46, and 47 be filed under seal and removed from the public docket.

## I. BACKGROUND

Defendant was charged in this case with violating 8 U.S.C. § 1326. On March 14, 2005, a jury found Defendant not guilty of this charge. Subsequently, in an indictment filed in Case No. 05cr0859DMS, Defendant was charged with making a false statement to a federal officer.

50

On June 22, 2005, Defendant, proceeding pro se, submitted to the Court an "Ex parte motion in forma pauperis for a (1) declaration of United States citizenship based on birth in the United States pursuant to the first clause of the Fourteenth Amendment; and (2) a Court order directing the Homeland Security to release this Petitioner from their custody for lack of jurisdiction to hold him." In a discrepancy order filed on June 28, 2005, the Court accepted the ex parte motion for filing, and the motion was scanned and docketed. In an order filed on June 28, 2005, the Court denied without prejudice Defendant's ex parte motion.

In August, 2005, counsel for Defendant filed a sealed motion to seal the ex parte motion and remove it from the docket. On August 30, 2005, the Court held a hearing on the motion and denied it without prejudice.

## II. DISCUSSION

In his request for reconsideration, Defendant argues that in the criminal context "ex parte" means that the filings at issue will not be disclosed to the other side at any time and, if filed, will be filed under seal. Defendant points to a general definition of "ex parte" in the Black's Law Dictionary in addition to the use of the term "ex parte" in Federal Rules of Criminal Procedure 16(d)(1) and 17(b).

The Court does not agree that the terms "ex parte" and "under seal" are synonymous in the criminal context. The Black's Law Dictionary defines "ex parte" as something "done or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested . . . ." Black's Law Dict. (8th ed. 2004). Defendant misconstrues the phrase, "for the benefit of one party only." An ex parte motion seeks *relief* that benefits the moving party only. The fact that a non-filing party may later derive some benefit from the *information* contained in the ex parte filing has no bearing on the ex parte nature of the consideration of the papers. Further, the fact that the definition indicates that no notice is given is not authority for the sealing of the ex parte motion.

Defendant's reliance on Federal Rules of Criminal Procedure 16(d)(1) and 17(b) is

also misplaced. These rules concern discovery matters and witnesses, areas which obviously implicate a defendant's theory of the case and require that defense filings be filed under seal to protect their confidentiality. Here, in contrast, Defendant had already been acquitted, and a judgment of discharge had been entered. Accordingly, the Court did not have to be concerned about shielding Defendant's theory of the case in 04cr2229.

Although the Court does not agree that all ex parte motions filed in criminal cases must be filed under seal, upon reconsideration, the Court finds that it would be appropriate to file Defendant's ex parte motion under seal. In a declaration dated September 2, 2005, Defendant explains that the ex parte motion contains confidential information relating to his prosecution in Case No. 05cr0859DMS and that he intended that the document not be revealed to the prosecution. (Heraldez-Martinez Decl., ¶¶ 2-3.) Defendant states that he was unaware that he had to file a special motion to seal in order to file a document without revealing it to the public. (Heraldez-Martinez Decl., ¶ 4.)

The pleadings of a pro se criminal defendant are to be liberally construed. United States v. Johnson, 988 F.2d 941, 943 (9th Cir. 1993). In Johnson, the Ninth Circuit explained that a pro se inmate's mislabelling of a section 2255 petition as a Rule 35 motion should not prevent the district court from reaching the merits of the inmate's claims. Id.

Defendant was acting pro se when he filed his ex parte motion. Defendant makes a credible claim that he intended that his motion be filed under seal and thought that labeling his motion an "ex parte motion" would achieve that result. Accordingly, the Court construes Defendant's ex parte motion as concurrently requesting that the ex parte motion be filed under seal or rejected and returned to Defendant. The Court believes that when a litigant seeks to have a motion filed under seal, the court should first rule on that request and, if denied, allow the party the option of withdrawing the motion or having it considered on the public record. The fact that Defendant did not file a motion to seal should not be controlling here as Defendant was proceeding pro se and there is no clear rule requiring a motion to seal when bringing an ex parte motion in a criminal case. The Government cites to Local Civil Rule 79.2.c., which is applicable to criminal cases under Local Criminal Rule 1.1.e.

However, Local Civil Rule 79.2.c. merely requires that documents that are to be filed under seal must be accompanied by an order sealing them. The rule does not discuss whether a motion to seal must be filed.

The Government argues that by stating that the Court "should construe [Defendant's motion] as whichever one is proper under the circumstances and decide it on the merits," Defendant implicitly waived withdrawal of the motion in the event that the Court determined that the motion should not be filed under seal. The Court, however, interprets this language as requesting that the Court consider Defendant's request for relief even if Defendant misnamed the motion or failed to cite the correct law. The Court does not construe the language as waiving the sealing of the papers.

Finally the Court does not find that the delay in seeking sealing constitutes a waiver because Defendant was incarcerated and could not check the docket to determine whether the motion was filed under seal or not.

The Court does not find that it erred by filing the motion without sealing it. Rather, the Court holds that when a pro se criminal defendant makes an ex parte motion and there is a question as to whether the defendant intends the motion to be filed under seal, the preferable practice is to first decide whether the motion should be filed under seal. If the Court concludes that the motion should not be filed under seal, the defendant should be given the opportunity the withdraw the request or elect to proceed to the merits in a public proceeding. Because the Court did not give Defendant that option and ruled on the merits, it will now order that the ex parte motion, the discrepancy order accepting the motion for filing, and the order denying the motion be filed under seal. Whether these documents should or should not be unsealed for use in other proceedings is entirely up to the judge in that proceeding. Cf. Harris v. New York, 401 U.S. 222 (1971) (holding that suppressed statements could be used for impeachment purposes).

## III. CONCLUSION

For the reasons discussed above, Defendant's Request to Reconsider Motion to Seal

or Return Documents in Court File is **GRANTED**. Documents Nos. 45, 46, and 47, and the rulings therein, shall be filed under seal and removed from the public docket.

**IT IS SO ORDERED.**

Dated: September 30, 2005

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge

cc: All parties and counsel of record