**ROBERT R. HENSSLER, JR.**
California Bar No. 216165
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467

Attorneys for Mr. Quintana-Grijalva

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS QUINTANA-GRIJALVA,<br>Defendant. | ) | Case No. 08CR0403-LAB<br><br>Date: July 14, 2008<br>Time: 2:00 p.m.<br><br>DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
ANDREW SCHOPLER, ASSISTANT UNITED STATES ATTORNEY:

**I.**

**STATEMENT OF FACTS**

Mr. Quintana-Grijalva hereby incorporates his previously submitted statement of facts in this case.

**II.**

**POINTS AND AUTHORITIES**

**A. The Court Should Not Admit Expert Testimony on Retail Value.**

**1. Value of Marijuana**

The value of the marijuana in this case is irrelevant. Mr. Quintana-Grijalva is charged with the knowing possession, with intent to distribute, of marijuana. The marijuana's value does not go to any element of these crimes. In its papers, the government fails to articulate how the value of the marijuana is

"circumstantial" evidence of Mr. Quintana-Grijalva's mental state at the border. See Gov't In Limine Motion at 5. Without an articulated basis of relevancy to Mr. Quintana-Grijalva's mental state and not that of the owner, the government should be precluded from offering expert testimony about the value of the marijuana.

**2. Personal Use Versus Distributable Amount of Marijuana**

Any testimony that the amount of marijuana in the truck was a "distributable amount" would be improper opinion testimony under FED. R. EVID. 704. In a criminal case, no expert may opine that the defendant did or did not have a "mental state or condition constituting an element of the crime charged or a defense thereto." FED. R. EVID. 704(b).

To convict Mr. Quintana-Grijalva under 21 U.S.C. § 841, the government must prove that he possessed marijuana with the intent to distribute the marijuana. The elements of intent and distribution are so closely linked that an expert opinion on one element is, as a practical matter, an opinion on the other. But see United States v. Younger, 398 F.3d 1179 (9th Cir. 2005) (affirming the admission of such testimony under an abuse of discretion standard). Allowing an expert to opine that a certain amount of marijuana is a "distributable amount" is tantamount to having that expert opine that Mr. Quintana-Grijalva intended to distribute that amount.

**B. The Court Should Not Allow Rebuttal Expert Testimony Regarding the Structure of Drug Organizations.**

Mr. Quintana-Grijalva objects to any "structure" evidence introduced by the government. Such evidence is irrelevant and unduly prejudicial in a non-complex drug case where a defendant's knowledge is at issue. See United States v. Vallejo, 237 F.3d 1008, 1015-17 (9th Cir. 2001); and United States v. Perez, No. 07-10207, 2008 U.S. App. LEXIS 7603, *2-3 (9th Cir. April 1, 2008) (unpublished).

Mr. Quintana-Grijalva has not argued that a lack of fingerprints on the marijuana seized from the truck he was driving indicates that he lacked knowledge of the drug's presence in the vehicle -- and has no plans to.

The Ninth Circuit has recently reaffirmed the long standing rule that admitting evidence of the structure of a smuggling organization is reversible error absent evidence of a connection between the individual and the smuggling organizations. Perez, 2008 U.S. App. LEXIS 7603, *2-3. In Perez, the Court

stated that "[t]estimony about the 'blueprint' structure of [ ] smuggling organizations, and the roles played by different persons within those organization, 'attributes knowledge to the defendant by attempting to connect him to an international conspiracy and thus implies that the defendant participated in a large-scale operation[,]....'" Id. at 3 (citing United States v. Pineda-Torres, 287 F.3d 860, 865 (9th Cir. 2002)).

The government has not, and cannot establish any link between Mr. Quintana-Grijalva and a drug trafficking organization, therefore any evidence of the structure of drug organizations, or the roles individuals play within those organizations is not admissible.

**C. The Court Should Not Admit Demeanor Evidence.**

Mr. Quintana-Grijalva objects to any testimony by agents that he appeared "nervous" at the border. The authorities cited by the government do not require a different result.

**1. "Nervousness" Testimony is Largely Irrelevant and Overly Prejudicial**

Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if the "[p]robative value is substantially outweighed by danger of unfair prejudice." Laywitness testimony regarding nervousness, absent some prior knowledge of the defendant, has minimal, if any, relevance. See United States v. Pineda-Torres, 287 F.3d 860, 866 (9th Cir. 2002) (describing an immigration officer's testimony about the defendant's "apparent nervousness" only "marginally probative" on the issue of knowledge) United States v. Wald, 216 F.3d 1222, 1227 (10th Cir.2000) (en banc) (evidence of nervousness "is of limited significance"[,] particularly when [the agent] had no prior acquaintance with the [defendant].")

These cases demonstrate that the judiciary places little to no weight upon nervousness in making particular fact-based rulings under the lesser burdens of proof than the beyond a reasonable doubt standard applicable at trial. See, e.g., United States v. Chavez-Valenzuela, 268 F.3d 719 (9th Cir. 2001) ("[N]ervousness during a traffic stop–even . . . extreme nervousness . . . in the absence of other particularized, objective factors, does not support a reasonable suspicion of criminal activity"). For example, in Chavez-Valenzuela, Wald and Fernandez, nervousness was considered to be of little to no probative value in a probable cause/reasonable suspicion context where evidentiary standards are relaxed and ***where there is no need to consider the prejudicial impact of such evidence***. See id.; Wald, 216 F.3d at 1227; Fernandez, 18 F.3d at 879.

"Nervousness" is of little probative value because "nervousness" has equally plausible innocent and a guilty explanations. People confronted with law enforcement often exhibit signs of nervousness, without having done anything wrong. See, e.g., United States v. Chavez-Valenzuela, 268 F.3d 719, 725 (9th Cir. 2001)("Encounters with police are necessarily stressful for law-abiders and criminals alike"); United States v. Fuentes-Cariaga, 209 F.3d 1140, 1142 (9th Cir. 2000) (recognizing that "drivers stopped at the border (or anywhere else) can be nervous for many reasons, one being a natural unease when confronted by an authority figure and another being fear of getting caught with contraband the person knows he is carrying").

This, coupled with the willingness of jurors to give undue weight to testimony by law enforcement officers, renders "nervousness" testimony more prejudicial than probative. See, e.g., United States v. Gutierrez, 995 F.2d 169, 172 (9th Cir.1993) (testimony of law enforcement officers "often carries an aura of special reliability and trustworthiness"). For these reasons, any testimony that Mr. Quintana-Grijalva displayed signs of nervousness is largely irrelevant to any disputed issue and should be excluded under Federal Rule of Evidence 403.

**2. "Nervousness" Testimony Violates Rules 701 & 704(b)**

Such evidence should be excluded if it is couched in terms of a law enforcement witness' personal opinion about Mr. Quintana-Grijalva's behavior, *i.e.*, "he was nervous." See Defendant's Motions in Limine (Docket No. 17) at 3-6.

**D. The Government Should Not be Allowed to Display the Marijuana.**

As explained in Mr. Quintana-Grijalva's Motions in Limine, in this case, in which Mr. Quintana-Grijalva's knowledge of the drugs is the only contested issue, this evidence is highly inflammatory yet has virtually no probative value as to any fact in dispute. And, as such, it must be excluded under FRE 403. See id. at 6.

**E. The Court Should Exclude Prior Crossing Evidence.**

The government states that it "does not intend to introduce evidence of any of the Defendant's criminal convictions." See Gov't In Limine Motion at 8. Mr. Quintana-Grijalva, however, has ***zero criminal history***. Accordingly, there is no "evidence" of prior convictions for the government to introduce.

The government seems to suggest that because it will not be introducing evidence of Mr. Quintana-Grijalva's nonexistent criminal convictions it should be permitted to introduce evidence of prior crossings.

See Id. The government is wrong. Federal Rule of Evidence 404(b) limits the admissibility of evidence of prior acts to those which serve as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Ninth Circuit has established a fourpart test to determine the admissibility of evidence under Rule 404(b). See United States v. Rendon-Duarte, 490 F.3d 1142, 1144 (9th Cir. 2007). To be admissible:

> (1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time.

Id.

Here, the government seeks to introduce evidence of Mr. Quintana-Grijalva's prior border crossings, apparently to serve as proof of knowledge. Gov't In Limine Motion at 8. The Court must exclude this evidence under Rule 404(b). "[T]he government . . . bears the burden of proving a logical connection between appellant's purported involvement in the previous [act] and a material fact at issue in the crime with which he was charged." Rendon-Duarte, 490 F.3d at 1144 (quoting United States v. Mayans, 17 F.3d 1174, 1183 (9th Cir. 1994)). The material fact at issue here is whether Mr. Quintana-Grijalva had knowledge of the marijuana found in the vehicle he was driving. Evidence of any prior border crossings by Mr. Quintana-Grijalva has no bearing on whether he knew there was marijuana hidden in the truck he borrowed on the night he was arrested. See, e.g., Rendon-Duarte, 490 F.3d at 1144 ("Because there was no evidence that Rendon-Duarte had knowing possession of the weapons at issue here, the admission of the prior-act testimony was an abuse of discretion").

Accordingly, here, under Rule 404(b), the Court should exclude any evidence of prior crossings.

**F. Use of Photos in Opening Statements**

Mr. Quintana-Grijalva has no objection to the use of photos in opening statements so long as they comply with the Rules of Evidence.

**G. The Court Should Permit the Defense Investigator to Remain in the Courtroom**

The government moves to exclude all witnesses from the courtroom during trial, with the exception of the government's case agent. Mr. Quintana-Grijalva points out that the same logic for permitting the

government's case agent to remain in the courtroom also applies to the defense investigator assigned to this case. The government argues that its case agent should be present because he is essential to the government's case because he has been essential in moving the investigation forward. Likewise, Mr. Quintana-Grijalva's investigator has been essential to preparing his case.

Much of what the defense team understands about this case was learned post-indictment through defense investigation—an investigation largely conducted by the defense investigator assigned to the case, Ms. Martha Sanchez-Elhams. As a criminal defendant in custody, Mr. Quintana-Grijalva will be in no position to keep track of this investigation, discovery, and other matters during trial. Just as the case agent is considered "essential to the presentation," Ms. Sanchez-Elhams "has been critical in moving the investigation forward," and is an invaluable member of the defense team whose presence should be allowed.

**H. The Court Should Allow Reference to Mr. Quintana-Grijalva's Health and Education**

The government moves to preclude reference to defendant's age, education and potential punishment in this case on the grounds that those matters are irrelevant. Mr. Quintana-Grijalva has no intention of referencing any potential punishment to the jury. However, his age, education, finances and health may well be relevant to providing the jury with necessary background information, rebutting inferences drawn by the government, or providing the jury with information useful to their assessment of Mr. Quintana-Grijalva's credibility as a witness should he choose to testify or as a declarant should the government elect to introduce his statements to the jury.

The government's prejudice argument is misplaced. There is no reason to think that reference to Mr. Quintana-Grijalva's age, finances, education or health will play on the jury's sympathy. In fact, there is nothing at all to suggest that the jury will not assess this information as it is instructed to assess all other relevant evidence submitted—properly weighted and in the context of the overall case.

**I. The Court Should Rule on the Government's "Self-Serving" Hearsay Motion in Context**

The government moves to preclude Mr. Quintana-Grijalva's out-of-court statements to the extent that they constitute "self-serving hearsay" and are thus inadmissible under FED. R. EVID. 801(d)(2). Mr. Quintana-Grijalva has no intention of putting self-serving hearsay before the jury.

//

//

**J. <u>The Court Should Permit Evidence of Duress and Necessity to the full Extent allowed under Ninth Circuit Law</u>**

The government moves to exclude any and all evidence of duress and necessity. However, evidence of duress or necessity should be allowed to the full extent permitted by Ninth Circuit law.

**K. <u>Provided the Defense Complies with the Rules of Criminal Procedure the Court Should Not Preclude Expert Evidence</u>**

The defense will comply with its obligations under FED. R. CRIM. P. 16(b).

**L. <u>Character Evidence Should be Admitted in Concurrence with the Rules of Evidence</u>**

The government moves to exclude any and all evidence of "prior good acts," such as the fact that Mr. Quintana-Grijalva has a "lack of a prior criminal record." Gov't In Limine Motion at 13. Mr. Quintana-Grijalva will, of course, comply with the rules of evidence regarding the admittance of character evidence.

## III.

## <u>CONCLUSION</u>

For the reasons stated, Mr. Quintana-Grijalva requests that this Court deny the government's motions in limine.

Respectfully submitted,

DATED: June 30, 2008

*/s/ Robert R. Henssler*
ROBERT R. HENSSLER JR
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Quintana-Grijalva

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

Andrew G Schopler
U S Attorneys Office Southern District of California
880 Front Street
Room 6293
San Diego, CA 92101
(619)557-5610
Fax: (619)235-2757
Email: Andrew.Schopler@usdoj.gov

Dated: June 30, 2008

/s/ *Robert R. Henssler, Jr.*
ROBERT R. HENSSLER, JR.
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
e-mail: Robert_Henssler@fd.org