**ROBERT R. HENSSLER, JR.**
California Bar No. 216165
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467

Attorneys for Mr. Quintana-Grijalva

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS QUINTANA-GRIJALVA,<br>Defendant. | ) | Case No. 08CR0403-LAB<br><br>Date: July 14, 2008<br>Time: 2:00 p.m.<br><br>DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S SUPPLEMENTAL MOTIONS IN LIMINE |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY; AND ANDREW SCHOPLER, ASSISTANT UNITED STATES ATTORNEY:

## I.

## STATEMENT OF FACTS

Mr. Quintana-Grijalva hereby incorporates his previously submitted statement of facts in this case.

## II.

## POINTS AND AUTHORITIES

### A. The Court Should Prevent the Government from Presenting Fragmented Portions of Mr. Quintana-grijalva's Post-arrest Statements out of Context

Here, the prosecution seeks to introduce selected portions of Mr. Quintana-Grijalva's recorded statements. Under the Rule of Completeness and Federal Rule of Evidence 106, if the government seeks to introduce such fragmented testimony, the defense should be permitted to play additional portions of Mr.

Quintana-Grijalva's statements to put into context the statements the government introduces. *See* Fed. R. Evid. 106; *United States v. Collicott*, 92 F.3d 973, 982 (9th Cir. 1996). Moreover, the defense should be permitted to do so ***at the time the government's videotape is played for the jury***. The advisory committee notes to Rule 106 specifically provide that: "[t]he rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to some point later in the trial." Fed. R. Evid. 106, adv. comm. notes. *See also* Defendant's Motion for Order to Preclude Post-Arrest Statements, Motion to Exclude Video-Taped Statements at 1-4 (Docket No. 26).

**B. The Court Should Exclude Mr. Quintana-grijalva's Videotaped Statements Because its Admission Violates the Confrontation Clause and Invades the Province of the Jury.**

The government should be precluded from introducing the videotape which contains statements by Mr. Quintana-Grijalva, and at least two other individuals whose statements are not party-admissions and should be excluded under the Confrontation Clause of the Sixth Amendment, and other Ninth Circuit authorities. *See id.* at 4-8. During the interrogation, the agents are accusatory, offer their opinions about what could happen or did happen, and repeatedly accuse Mr. Quintana-Grijalva of lying and contradicting himself. In short, in viewing the video, it is virtually impossible to parse Mr. Quintana-Grijalva's statements from those made by the agents.

**C. If the Court Admits Fragmented Portions of Mr. Quintana-grijalva's Post-arrest Statement it Should Not Allow the Transcript in the Jury Room.**

The government argues that it "should be permitted to introduce a redacted version of Defendant's videotaped post-arrest statement," and it should, "be permitted to introduce the English translation as an exhibit." *See* United States' Supplemental Motions in Limine at 2 (Docket No. 36). First, if the Court admits portions of Mr. Quintana-Grijalva's post-arrest statement, for the reasons detailed in Docket No. 26, it should allow the defense to play additional portions of Mr. Quintana-Grijalva's statement to put into context the statements the government introduces . And, the defense should be permitted to do so at the time the government's videotape is played for the jury.

Second, the Court should not admit the English translation of the post-arrest statement as an exhibit. To admit the transcript would be to give it undue weight with the jury. If the government plays the video, the

video, "only--and not the transcripts--constitute[] evidence." *United States v. Delgado*, 357 F.3d 1061, 1070 (9th Cir. 2004). As such, in *Delgado*, the Ninth Circuit approved of the fact that, "the district court did not admit the transcripts into evidence nor allow the jury access to the transcripts during deliberations." *Id.* Here, the Court should do the same, and, if the jury wants to see the video again during deliberations the video, "must be played here again in the courtroom, not in the jury room, in the presence of the defendant and both counsel and court." *Id.*

**III.**

**CONCLUSION**

For the reasons stated, Mr. Quintana-Grijalva requests that this Court deny the government's motions in limine.

Respectfully submitted,

DATED: July 10, 2008

*/s/ Robert R. Henssler*
ROBERT R. HENSSLER JR
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Quintana-Grijalva

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

Andrew G Schopler
U S Attorneys Office Southern District of California
880 Front Street
Room 6293
San Diego, CA 92101
(619)557-5610
Fax: (619)235-2757
Email: Andrew.Schopler@usdoj.gov

Dated: July 10, 2008

*/s/ Robert R. Henssler, Jr.*
ROBERT R. HENSSLER, JR.
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
e-mail: Robert_Henssler@fd.org