KAREN P. HEWITT
United States Attorney
ANDREW G. SCHOPLER
Assistant U.S. Attorney
California State Bar No. 236585
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone No.: (619) 557-5836
Facsimile No.: (619) 235-2757

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS QUINTANA-GRIJALVA,<br><br>Defendant. | Criminal Case No. 08CR0403-LAB<br><br>Date: July 15, 2008<br>Time: 9:00 a.m.<br><br>UNITED STATES' TRIAL MEMORANDUM |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and ANDREW G. SCHOPLER, Assistant U.S. Attorney, and hereby respectfully submits the following trial memorandum of facts and law in the above-captioned matter.

//

## I

## STATEMENT OF THE CASE

### A. INDICTMENT

On February 15, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment in case number 08CR0403-LAB, charging defendant Jesus Quintana-Grijalva ("Defendant") with (1) importing approximately 39.06 kilograms of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and (2) possessing with intent to distribute approximately 39.06 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1).

### B. TRIAL STATUS

Trial is scheduled for Tuesday, July 15, 2008 at 9:00 a.m. before the Honorable Larry Alan Burns. The United States estimates that its case-in-chief will last approximately 1 day.

### C. STATUS OF COUNSEL

Defendant is represented by appointed counsel Robert R. Henssler, Jr., and Leila Morgan of Federal Defenders of San Diego, Inc.

### D. CUSTODY STATUS

Defendant is in custody.

### E. INTERPRETER

The Government will need a Spanish-speaking interpreter for two of its witnesses on July 16, 2008, the second day of trial.

### F. JURY WAIVER

Defendant has not waived trial by jury.

### G. PRE-TRIAL MOTIONS

On April 1, 2008, the Court denied Defendant's motion to suppress Defendant's statements and granted the United States' motion for reciprocal discovery. On July 14, 2008, the Court will hold a hearing on the motions in limine.

### H. STIPULATIONS

The parties have not entered into any stipulations at this time.

## I. DISCOVERY

The United States has complied with its discovery obligations to date and will continue to do so. The defense has disclosed in reciprocal discovery some photographs of the vehicle and some of Defendant's medical records.

## II

## STATEMENT OF FACTS

On Monday, January 21, 2008, at about 9:02 p.m., Defendant entered the Calexico West Port of Entry in primary vehicle lane 4 as the driver and sole occupant of a white 1999 Dodge Ram pickup truck, bearing California license plate number 6B11785. The owner of the vehicle is Taller Hernandez (Dealer# B00430) of Ensenada, Baja California, Mexico, which purchased the vehicle on November 30, 2007 and received it on December 24, 2007.

### A. PRIMARY INSPECTION: Nervousness and Suspicious Behavior

At primary inspection, Defendant handed Customs and Border Protection Officer ("CBPO") Jesus Esparza his Permanent Resident Card. CBPO Esparza noticed that Defendant's hand was shaking unusually. CBPO Esparza asked Defendant for the purpose of his visit to Mexico, and Defendant replied to go eat tacos. CBPO Esparza asked where he was going, and Defendant said he was going home to Calexico. Defendant said that the vehicle belonged to a friend, who had lent it to him because he damaged his foot about four months earlier at work. In addition to Defendant's shaking hands, CBPO Esparza noticed that Defendant was unusually talkative.

CBPO Esparza asked Defendant to open the tool box in the back of the pickup truck. As Defendant got out of the vehicle, he appeared to be limping (which was consistent with his story about an injured foot). However, after Defendant opened the tool box, he got back into the truck with apparent ease, as though he were not injured at all. Given all of this suspicious behavior, CBPO Esparza referred the truck for secondary inspection at about 9:05 p.m.

//

//

**B. <u>SECONDARY INSPECTION: 39 kg of Marijuana in Gas Tank & Spare Tire</u>**

At secondary inspection, CBPO Ramon Garcia briefly interviewed Defendant, who gave a negative Customs declaration. CBPO Garcia asked who the owner of the vehicle was, and Defendant said that the vehicle belonged to his friend who lived in Mexicali and that he borrowed it to go to San Diego to see the doctor, because he had an injured leg. Canine Enforcement Officer ("CEO") Erick Leon's human/narcotic detector dog ("HNDD") then alerted to the vehicle's gas tank, which tapped solid, and Defendant was escorted to the vehicle secondary office.

With the help of a contractor, agents removed the truck's gas tank and observed an access area on the top front of it. The agents removed the access area and found 22 packages of marijuana wrapped in clear cellophane tape, brown postal tape and vacuum-sealed packing. A few minutes later, at 9:45 p.m., the agents placed Defendant under arrest for the importation of marijuana.



Gas Tank




Spare Tire



During a continuing inspection of the Dodge Ram pickup truck, the agents discovered inside the spare tire 15 packages of marijuana, also wrapped in clear cellophane tape. The total weight of all 37 packages of marijuana was 39.06 kilograms.

**C. MIRANDIZED, VIDEOTAPED POST-ARREST STATEMENT**

On Tuesday, January 22, 2008, at about 12:51 a.m. (3 hours after his arrest), Special Agent ("SA") Enrique Torregrosa and SA Rafael Silva conducted a videotaped interview with Defendant. After reading Defendant his Miranda rights, Defendant signed a waiver form at 12:55 a.m. and agreed to speak to the agents without the presence of an attorney.

Defendant stated that on Friday, January 18, 2008, he was supposed to get a ride from Clinicas de Salud Del Pueblo to San Diego, California, to see a doctor about his knee.[1] He stated that he missed his ride, so he asked his life-long friend "Nito" if he could borrow a vehicle to go to San Diego to see the doctor. (Defendant did not know Nito's real name.) Defendant said that "Nito" gave him a 1999 Dodge Ram truck and crossed the Port of Entry ("POE") at about 8:00 p.m. Defendant stated that he went to his sister-in-law Rita Quintana's house in Calexico, California to get some clothes and then drove back to Mexicali. Defendant stated that he gave the truck back to "Nito" and went back to his house.

SA Torregrosa asked Defendant why he gave the truck back to "Nito" if he was supposed to go to the doctor. Defendant claimed that he had gone to his friend Evilio's house to ask for some money for gas, but that Evelio could not lend him money.

According to Defendant, "Nito" gave him the Dodge Ram pickup truck again on January 21, 2008 at about 7:00 p.m., so that Defendant could go see the doctor. Defendant said that he was on his way to San Diego at 9:05 p.m. to San Diego to have surgery on his knee when he was stopped at the POE.

Defendant said that "Nito" told Defendant to take the vehicle to San Diego to see the doctor and then, when he returned to the Valley, to park the truck at AA Parking. SA Torregrosa asked

---

[1] There were, in fact, medical documents indicating Defendant had been seen for a knee problem.

Defendant how he planned to put enough gas in the truck, if he had no money. Defendant stated that he was going to Rita's house to ask her for money.

Defendant said that he did not know about the marijuana.

## III

## WITNESSES

The Government reserves the right to change the order of, substitute, or add or omit one or more witnesses. The Government may call the following witnesses during its case-in-chief:

1. Jason Bordelon (DEA Forensic Chemist)
2. Jesus Esparza
3. Ramon Garcia
4. Andrew Hanson (Spanish Expert)
5. Eric Leon
6. Evelio Lopez
7. Vincent McDonald
8. Rita Medina
9. Rafael Silva
10. Enrique Torregrosa

## IV

## EXHIBIT LIST

The United States will provide a complete exhibit list prior to trial. The United States requests that Defendant examine the United States' exhibits before trial to expedite proceedings. The United States further requests an opportunity to examine Defendant's exhibits before trial. The United States intends to offer the following in evidence in its case in chief:

1. Aerial Photograph of Calexico West Port of Entry
2. Photographs of Calexico West Port of Entry primary and secondary areas
3. Photographs of the vehicle, spare tire and gas tank
4. Documents found in vehicle

5. Gas Tank and Sending Unit
6. Bulk Marijuana
7. Certified Department of Motor Vehicle documents
8. Value Chart showing wholesale and retail value of contraband narcotics
9. TECS Records
10. Owner's Manual for 1999 Dodge Ram (for gas tank capacity)
11. Public records on 1999 Dodge Ram
12. Videotaped Post-Arrest Statement (excerpts)
13. Translation of Excerpts of Videotaped Post-Arrest Statement

Certified copies of the California DMV documents are admissible as records of a regularly conducted activity under FRE 803(6) and 902(11). Public records are admissible under FRE 803(8).

## V

## LEGAL ISSUES

### A. ELEMENTS OF THE CHARGED OFFENSES

#### 1. 21 U.S.C. §§ 952 & 960, Importation of a Controlled Substance

The United States must prove beyond a reasonable doubt that:

1) Defendant knowingly brought a controlled substance into the United States; and

2) Defendant knew that it was marijuana or some other prohibited drug.

9th Cir. Crim. Jury Instr. 9.27 (2003).

#### 2. 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute

The United States must prove beyond a reasonable doubt that:

1) Defendant knowingly possessed marijuana or some other prohibited drug; and

2) Defendant possessed it with the intent to deliver it to another person.

9th Cir. Crim. Jury Instr. 9.13 (2000).

It does not matter whether Defendant knew that the substance was marijuana. It is sufficient that a defendant knew that it was some kind of prohibited drug. 9th Cir. Crim. Jury Instr. 9.13 (2000).

With regard to possession, the United States also notes that possession may be actual or constructive, and it may be proved by direct or circumstantial evidence. See United States v. Magallon-Jimenez, 219 F.3d 1109, 1112-1113 (9th Cir. 2000). Moreover, a defendant's mere possession of a substantial quantity of a controlled substance may show that the defendant knowingly possessed the substance. See United States v. Diaz Cardenas, 351 F.3d 404, 407 (9th Cir. 2003) (holding that jury could infer knowledge when an individual is the driver and sole occupant of a vehicle containing 9.48 pounds of methamphetamine (4.31 kilograms) and 17.65 pounds of cocaine (8.02 kilograms) concealed in the air bag of the vehicle); United States v. Sanchez-Lopez, 879 F.2d 541, 555 (9th Cir. 1989) (finding 2.5 kilograms of cocaine sufficient to show knowledge and intent to distribute and noting that a secret compartment within a vehicle used to conceal illegal substances can raise an inference concerning knowledge of the substance).

With regard to distribution/delivery, the United States may prove the "intent to deliver" element based on the following: a large quantity of contraband, Diaz Cardenas, 351 F.3d at 407; the manner in which the controlled substance was packaged, United States v. Glenn, 667 F.2d 1269, 1292 (9th Cir. 1982); and the street value of the narcotics, United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th Cir. 1994).

**B. CHAIN OF CUSTODY**

The test of admissibility of physical objects connected with the commission of a crime requires a showing that the object is in substantially the same condition as when the crime was committed (or the object seized). United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991). Factors to be considered are the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of inter-meddlers tampering with it. United States v. Kaiser, 660 F.2d 724, 733 (9th Cir. 1981), overruled on other gds., United States v. DeBright,

730 F.2d 1255, 1259 (9th Cir. 1984) (en banc). There is, however, a presumption of regularity in the handling of exhibits by public officials. Harrington, 923 F.2d at 1374.

If this Court finds that there is a reasonable possibility that a piece of evidence has not changed in a material way, the Court has the discretion to admit the evidence. Id.

The United States is not required, in establishing chain of custody, to call all persons who may have come into contact with the piece of evidence. Gallego v. United States, 276 F.2d 914, 917 (9th Cir. 1960).

## VI

## VOIR DIRE

The United States requests that the following voir dire questions be addressed to the jury panel in addition to the Court's standard jury questions:

1. Have you or any relatives or close friends ever worked in the field of criminal defense or on behalf of the criminal accused? Would that prevent you from being fair and impartial?

2. The Government will be calling witnesses employed by the Department of Homeland Security, Customs and Border Protection and Immigration and Customs Enforcement. Does anyone have family members or close friends who work, or have worked, for these agencies? Would that prevent you from being fair and impartial?

3. Has anyone had an unpleasant or negative experience with any law enforcement personnel? Would that cause you to be biased against law enforcement?

4. Has anyone ever had any disputes with any agency of the United States Government? If so, please describe.

5. Have you or any relatives or close friends ever been accused of, or charged with, a crime?

6. Has anyone had any training in the law? If so, please explain.

7. Will you be able to put aside any feeling of sympathy or pity for the defendant when deciding the facts of this case?

8. Does everybody understand that the defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

9. You understand that the parties have asked for a trial because they disagree on what the facts are and they want you to make a decision. Does anybody have any moral or religious reservations that might prevent him or her from standing in judgment of other human beings?

10. The defendant in this case is charged with importation of a controlled substance. Does anybody have strong feelings or opinions about U.S. narcotics laws that would prevent him or her from viewing the evidence impartially?

11. The law requires the government to prove its case against the defendant beyond a reasonable doubt. If you are selected, would you want the government to prove its case by a higher standard of proof, say beyond any possible doubt?

The United States respectfully reserves the right to submit additional questions prior to trial.

## VII

## JURY INSTRUCTIONS

Proposed jury instructions will be filed under separate cover. The United States reserves the right to submit additional instructions at the Rule 30 conference.

DATED: July 10, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Andrew G. Schopler
ANDREW G. SCHOPLER
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS QUINTANA-GRIJALVA,<br>Defendant. | ) | Criminal Case No. 08CR0403-LAB<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, ANDREW G. SCHOPLER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' TRIAL MEMORANDUM** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Robert R. Henssler, Jr.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 10, 2008

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER
Assistant United States Attorney