**ROBERT R. HENSSLER, JR.**
California Bar No. 216165
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467

Attorneys for Mr. Quintana-Grijalva

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS QUINTANA-GRIJALVA,<br><br>Defendant. | ) | Case No. 08CR0403-LAB<br><br>Date: July 15, 2008<br>Time: 9:00 a.m.<br><br>DEFENDANT'S PROPOSED JURY INSTRUCTIONS |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
ANDREW SCHOPLER, ASSISTANT UNITED STATES ATTORNEY:

Jesus Quintana, by and through his counsel, Robert R. Henssler Jr., and Federal Defenders of San Diego, Inc., and pursuant to Federal Rule of Criminal Procedure 30, requests that the Court instruct the jury on the law as set forth herein. Mr. Quintana also requests leave to offer further jury instructions as may become relevant during the course of the trial.

Respectfully submitted,

DATED: July 11, 2008

*/s/ Robert R. Henssler*
ROBERT R. HENSSLER JR
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Quintana-Grijalva

Defendant's Proposed Standard Instruction

(Ninth Circuit Model Criminal Jury Instructions, Sept. 2003):

| Instruction Number | Title |
|---|---|
| 6.9 | Mere Presence |
| 1.5 | Evidence For Limited Purpose |
| 1.10 | No Transcript Available to Jury |

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

Andrew G Schopler
U S Attorneys Office Southern District of California
880 Front Street
Room 6293
San Diego, CA 92101
(619)557-5610
Fax: (619)235-2757
Email: Andrew.Schopler@usdoj.gov

Dated: July 11, 2008

/s/ *Robert R. Henssler, Jr.*
ROBERT R. HENSSLER, JR.
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
e-mail: Robert_Henssler@fd.org

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _1___

I instruct you that you must presume Mr. Quintana to be innocent of the offense charged. Thus, Mr. Quintana, although accused of an offense in the indictment, begins the trial with a "clean slate"---with no evidence against him. The indictment is not evidence of any kind. Mr. Quintana is not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Mr. Quintana. The presumption of innocence alone is sufficient to acquit Mr. Quintana.

The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Quintana for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. Mr. Quintana is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of their own affairs. You may consider the evidence or lack of evidence in determining whether there is a reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that Mr. Quintana committed each and every element of the offense charged in the indictment, you must find Mr. Quintana not guilty of the offense. If you view the evidence as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must, of course, adopt the conclusion of innocence.

<u>Authority</u>

Devitt and Blackman, 4th Ed., § 12.10 (modified, with one paragraph borrowed from Levitt and Blackman, 3d Ed., § 11.14)

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 2

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You will also have to decide which witnesses to believe and which facts are true. After examining all of the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses.

In a moment I will discuss some criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and that Mr. Quintana is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

Authority

Sand, et al., Modern Federal Jury Instructions: Criminal Pattern Instructions § 4-3 (Matthew Bender 2001) (modified); see also United States v. Vargas, 583 F.2d 380, 387 (7th Cir. 1978) (noting that jurors do not have to believe the government's witnesses and can acquit defendant upon this basis, even if defendant testifies and jurors do not believe him either).

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 3

Because a particular witness may be a law enforcement officer, such as an agent of Border Patrol or Immigration and Customs Enforcement, or an employee of a governmental agency, that does not mean that his or her testimony is truthful.

It is quite legitimate for counsel to attack or question the truthfulness of an agent or other government employee on the ground that his or her testimony may be tainted by personal or professional interest in the outcome of this case.

Authority

United States v. Masino, 275 F.2d 129 (2d Cir. 1960).

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 4

Mr. Quintana is charged in Count One of the indictment with knowingly and intentionally importing marijuana in violation of Sections 952 & 960 of Title 21 of the United States Code. In order for Mr. Quintana to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Quintana knowingly possessed marijuana;

Second, that Mr. Quintana knowingly and intentionally brought marijuana into the United States;

Third, that Mr. Quintana knew that the substance was marijuana; and

Fourth, that Mr. Quintana knew that the amount of marijuana was 39.06 kilograms.

Authority

9TH CIR. CRIM. JURY INSTR. 9.27 (2003) (modified); United States v. Buckland, 289 F.3d 558 (9th Cir. 2002)).

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 5

Mr. Quintana is charged in Count Two of the indictment with possession of marijuana with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for Mr. Quintana to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Quintana knowingly possessed marijuana;

Second, that Mr. Quintana possessed it with the intent to deliver it to another person;

Third, that Mr. Quintana knew that the substance was marijuana; and

Fourth, that Mr. Quintana knew that the amount of marijuana was 39.06 kilograms.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Authority

9TH CIR. CRIM. JURY INSTR. 9.27 (2003) (modified); United States v. Buckland, 289 F.3d 558 (9th Cir. 2002)).

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _6__

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The purpose of adding the word "knowingly" is to insure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.

As stated before, with respect to an offense such as those charged in this case, specific intent must be proved beyond a reasonable doubt before there can be a conviction.

Authority

Devitt and Blackmar, 3d Ed., § 14.04; O'Malley, Grenig & Lee, 5th Ed., § 14.04.

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _7___

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

Possession of drugs cannot be found solely on the ground that the defendant was near or close to the drugs. Nor can it be found simply because the defendant was present at a scene where drugs were involved, or solely because the defendant associated with a person who does control the drugs.

Authority

United States v. Raper, 676 F.2d 841 (D.C. Cir. 1982); United States v. Cardenas-Magana, 562 F.2d 1026 (3d Cir. 1972); United States v. Zandi, 769 F.2d 229 (4th Cir. 1985); United States v. Cardenas, 748 F.2d 1015 (5th Cir. 1984); United States v. Freeze, 707 F.2d 132 (5th Cir. 1983); United States v. Vergara, 687 F.2d 57 (5th Cir. 1982); United States v. White, 660 F.2d 1178 (7th Cir. 1981); United States v. Batimana, 623 F.2d 1366 (9th Cir. 1980); Amaya v. United States, 373 F.2d 197 (10th Cir. 1967); 1 L. Sand, et al., Modern Federal Jury Instructions -Instruction #56-5; Committee on Model Jury Instructions, Manual of Model Jury Instructions for the Ninth Circuit, § 3.16 (1997 ed).

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 8

A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

Further, each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

Also, if the circumstantial evidence permits two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt that interpretation that points to the defendant's innocence, and reject that interpretation that points to his guilt.

If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

Authority

CALJIC No. 2.01 (6th Ed. 1996); United States v. Vasquez-Chan, 978 F.2d 546, 549 (9th Cir. 1992)("When there is an innocent explanation for a defendant's conduct as well as one that suggests that the defendant was involved in wrongdoing, the government must produce evidence that would allow a rational jury to conclude beyond a reasonable doubt that the latter explanation is the correct one.")

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 9

Spanish has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning. You must not judge the credibility of a witness or give less weight to a witness's testimony because the witness testifies in Spanish.

Authority

9TH CIR. CRIM. JURY INSTR. 3.20 (2003) (modified)

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _10___

Mr. Quintana's theory of defense is that he did not know that marijuana or any other prohibited drug was hidden in the vehicle and that a third person is responsible for the crimes with which he is charged.

Authority

"A defendant is entitled to an instruction concerning his theory, of the case if it is supported by law and has some foundation in evidence." United States v. Escobar de Bright, 742 F.2d 1196, 1198 (9th Cir. 1984) (quoting United States v. Winn, 577 F.2d 86, 90 (9th Cir. 1978)). "The right to have the jury instructed as to the defendant's theory of the case is one of those rights 'so basic to a fair trial' that failure to instruct where there is evidence to support the instruction can never be considered harmless error." Escobar de Bright, 742 F.2d at 1201 (quoting Chapman v. California; 386 U.S. 18, 23 (1967)). The right to offer a defense of third party culpability is "fundamental." See United States v. Vallejo, 237 F.3d 1008, 1015-18 (9th Cir. 2001), amended on other grounds, 246 F.3d 1150 (9th Cir. 2001).